NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

KIMBERLY P., *Appellant*,

*v.*

ARIZONA DEPARTMENT OF ECONOMIC SECURITY, T.P., *Appellees*.

No. 1 CA-JV 13-0267
FILED 04/24/2014

---

Appeal from the Superior Court in Maricopa County
No.  JD22221
The Honorable Linda H. Miles, Judge

**AFFIRMED**

---

COUNSEL

David W. Bell, Mesa
By David W. Bell
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Cathleen E. Fuller
*Counsel for Appellee Arizona Department of Economic Security*

---

**MEMORANDUM DECISION**

Presiding Judge Patricia A. Orozco delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Kenton D. Jones joined.

---

**O R O Z C O**, Judge:

¶1        Kimberly P. (Mother) appeals the trial court's order severing her parental relationship to her son T.P. (Child).  The juvenile court terminated Mother's parental rights pursuant to Arizona Revised Statute (A.R.S.) section 8-533.B.8(b) (Supp. 2013)[1], length of time in care.  The juvenile court also found severance to be in Child's best interests.  For the following reasons we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2        Child was born in May 2012.  At the time of his birth, both Child and Mother tested positive for methamphetamine.  The Arizona Department of Economic Security (ADES) set up, and Mother agreed to, a safety plan requiring that maternal grandparents and two friends supervise all contact between Mother and Child.  ADES provided Mother with referrals for parent aide services, random urinalysis testing through TASC and substance abuse treatment through TERROS.  Because of Mother's history of substance abuse, ADES also requested a referral for the SENSE program.

¶3        Between May 2012 and June 2012, Mother failed to participate in parent aide services and urinalysis testing.  Furthermore, ADES voided the safety plan after discovering Mother was having unsupervised visitation with Child.  As a result, ADES took Child into temporary custody, alleging Child was dependent.  ADES also referred Mother to various services.  Child was placed with his paternal grandparents who were willing to allow Mother supervised visitation with Child.  Mother failed to consistently contact TASC to determine if she needed to provide a urine sample for drug testing.  Moreover, Mother

---

[1]        We cite to the current version of the applicable statutes when no revisions material to this decision have since occurred.

2

tested positive for methamphetamine in July 2012, and in August 2012, Mother provided a sample for testing that was not her own.

¶4　　　　In November 2012, the paternal grandparents became concerned with Mother's substance abuse and were no longer willing to supervise visitation. As a result, the juvenile court ordered Mother to complete a drug test within twenty-four hours in order to have visitation with Child. Mother once again tested positive for methamphetamine. Mother did not submit to any further drug tests. Moreover, Mother did not contact ADES again to set up any future visitation with Child.

¶5　　　　ADES filed a motion to terminate Mother's parental rights in January 2013. The motion alleged that Child had been in an out-of-home placement for more than six months and Mother had not remedied the circumstances that caused Child's out-of-home placement.

¶6　　　　The juvenile court held a contested severance trial in July 2013. At the time of that hearing, Mother had been participating in substance abuse treatment for approximately five weeks. Mother admitted she had provided another person's urine sample in August 2012, because she knew that had she submitted her own she would have tested positive. When asked why she had not tested since November, Mother testified she had moved to Kingman. Mother stated she did not engage in treatment during her time in Kingman because the caseworker would not return her telephone calls. In fact, throughout the hearing, Mother alleged that ADES was nonresponsive to her telephone calls.

¶7　　　　The caseworker testified Child was adoptable and opined that severance and adoption was in Child's best interests because of mother's history with substance abuse and lack of participation in services. Thereafter, the juvenile court terminated Mother's parental rights to Child. Specifically, the juvenile court found that because Mother had failed to fully and actively participate in substance abuse treatment she had substantially neglected or willfully refused to remedy the circumstances that caused Child's out-of-home placement. Moreover, the juvenile court found severance was in Child's best interests because it would allow him the opportunity to achieve permanency through adoption.

¶8　　　　Mother timely appealed the juvenile court's final order. We have jurisdiction pursuant to A.R.S. §§ 8-235(A), 12-2101(A), and -120.21(A).

**DISCUSSION**

¶9   The juvenile court, as the trier of fact, is in the best position to weigh the evidence, observe the parties, judge the credibility of the witnesses and resolve disputed facts. *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334, ¶ 4, 100 P.3d 943, 945 (App. 2004). Accordingly, we do not reweigh the evidence and accept the juvenile court's findings unless no reasonable evidence exists to support its decision. *Id.*

I.  Reunification Efforts

¶10   A.R.S. § 8-533.B.8(b) states the juvenile court may terminate a parent-child relationship, if:

> [t]he child who is under three years of age has been in an out-of-home placement for a total period of six months or longer . . . and the parent has substantially neglected or willfully refused to remedy the circumstances that cause the child to be in an out-of-home placement, including refusal to participate in reunification services offered by the department.

¶11   Mother does not dispute that Child is under three years of age, has been in an out-of-home placement for six months or longer and she has not remedied the circumstances that caused Child to be in that out-of-home placement. Mother's only argument is that ADES failed to "make a concerted effort to preserve her relationship with [Child]." Citing *Christina G. v. Ariz. Dep't of Econ. Sec.*, ADES argues Mother has waived this issue. 227 Ariz. 231 n. 8, 256 P.3d 628, 632, n. 8 (App. 2011). In that case, we declined to affirm the case based upon waiver but noted that mother may have waived a challenge to the reunification efforts by failing to raise the issue in the juvenile court proceedings. *Id.*

¶12   It is well-established that ADES has an affirmative duty to make all reasonable efforts to preserve the family relationship. *Mary Ellen C. v. Ariz. Dep't of Econ. Sec.*, 193 Ariz. 185, 186 ¶ 1, 971 P.2d 1046, 1047 (App. 1999). This duty, however, does not "free a parent from the need to raise a timely objection if the parent believes services are inadequate." *Shawanee S. v. Ariz. Dep't of Econ. Sec.*, 234 Ariz. 174, 178, ¶13, 319 P.3d 236, 240 (App. 2014). As this court recently held in *Shawanee S.*, there are a variety of ways a parent can voice an objection pertaining to the reunification efforts. *Id.* at 175, 319 P. 3d at 237. For example, Mother could have raised her challenges to ADES's efforts at the periodic review hearings and the permanency planning hearing. *See id.* Furthermore,

Mother could have objected to the court's reasonableness findings. *See id.*; *see also* A.R.S. § 8-846 (Supp. 2013). Mother could have also requested an evidentiary hearing to address the adequacy of services pursuant to Rule 58(D) of the Rules of Procedure for the Juvenile Court. *See Shawanee S.*, 234 Ariz. at 179, ¶ 14, 319 P.3d at 240. Additionally, Mother had several opportunities to object to the reunification efforts or ask for additional services throughout the dependency but failed to do either.

**¶13** On the other hand, at the severance hearing, Mother testified that she waited for someone from the parent aide services to call her for over a year. *See Id.* ("[At a termination hearing, a parent can] dispute evidence that ADES claims shows a diligent effort to provide appropriate reunification services, including by testifying about the services actually provided.") Mother also made several statements that the caseworker failed to return her telephone calls; however, the case worker testified that calls were returned, but that Mother's phone was not "accepting" messages. In closing arguments Mother's counsel argued that ADES failed to provide Mother with appropriate reunification services. Because Mother objected at the severance trial, she has not waived this argument on appeal.

**¶14** On this record, we find there was sufficient evidence to support the juvenile court's finding that the services offered were adequate. As the juvenile court pointed out, ADES did not remove the child immediately after Child tested positive for methamphetamine, but instead offered her in-home services and a safety plan. Mother violated the safety plan, which resulted in the dependency petition. After the filing of the dependency petition, and notwithstanding the availability of services, Mother continued to test positive for methamphetamines and did not participate in a substance abuse program until approximately five weeks before trial. Thus, we find ADES made reasonable reunification efforts and the juvenile court did not err in terminating the parent-child relationship pursuant to A.R.S. § 8-533.

II. Child's Best Interests

**¶15** Mother next argues severance was not in Child's best interests because Mother is "currently participating in services designed to demonstrate her sobriety and parenting abilities." As Mother acknowledges, however, "the best interests inquiry focuses primarily upon the interests of the child, as distinct from those of the parent." *Kent K. v. Bobby M.*, 210 Ariz. 279, 287, ¶ 37, 110 P.3d 1013, 1021 (2005).

**¶16**        A determination of a child's best interests must include a finding as to how the child will benefit from the severance or that a continuation of the relationship will harm the child. *Maricopa Cnty. Juv. Act. No. JS-500274*, 167 Ariz. 1, 5 804 P.2d 730, 734 (1990).  A finding that an adoption plan exists, or even that the child is adoptable, satisfies the best interest requirement. *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 50 ¶ 19, 83 P.3d, 43, 51 (App. 2004).

**¶17**        Here, the juvenile court recognized severance would benefit Child because it would allow him to achieve permanency through adoption.  *See Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 337, ¶ 16, 100 P.3d 943, 948 (App. 20014).  (recognizing that every child has an interest in permanency and stablity.)  Moreover, the caseworker testified Child was in a family placement that was meeting his needs and wished to adopt him.  The caseworker further testified that even if Child's current family placement did not adopt him, he was adoptable.

**¶18**        Thus, we find sufficient evidence was presented to show severance was in Child's best interests.

## CONCLUSION

**¶19**        For the foregoing reasons, we affirm the juvenile court's decision to terminate Mother's parental rights to Child.



Ruth A. Willingham · Clerk of the Court
FILED: gsh